UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DUECASTER, | ) | CASE NO. 4:04CV1979 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| OHIO ADULT PAROLE AUTHORITY, | ) | |
| et al., | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | OF MAGISTRATE JUDGE |

Before the Court is a motion to dismiss the pro se complaint of Plaintiff Lawrence Duecaster (Plaintiff) filed by Defendants Ohio Adult Parole Authority, Douglas Linker, Gary Croft, Christopher Wilson, Trayce Thalheimer, Reginald Wilkinson and David Bobby. Electronic Case Filing ("ECF") Dkt. #8. For the following reasons, the undersigned recommends that the Court DISMISS Plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure as Plaintiff has failed to perfect service upon Defendants. *Id.*

## A.     PROCEDURAL HISTORY

Plaintiff filed his pro se complaint on September 11, 2004, seeking relief pursuant to 42 U.S.C. § 1983 against Defendants. ECF Dkt. #1. Plaintiff contends that Defendants violated an enforceable consent decree, violated his rights to due process and wrongfully detained him when they transferred him to another penal institution before he had completed his Kellogg mitigation hearing. *Id.* at 3-7. On October 8, 2004, the Honorable Peter Economus referred this case to the undersigned for pretrial supervision, including ruling on all motions. ECF Dkt. #3.

On February 10, 2005, the undersigned issued an Order in this case after reviewing the docket and finding that Plaintiff had not effectuated service upon Defendants. ECF Dkt. #5.

The Court directed Plaintiff to either serve Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure or show cause as to why the instant action should not be dismissed for failure to prosecute. *Id.*

On March 22, 2005, the undersigned issued a second Order in this case extending the time in which Plaintiff had to properly effectuate service or show cause to April 22, 2005. ECF Dkt. #6.

On March 30, 2005, Plaintiff filed a "Plaintiff Proof of Service of Summon and Amended Complaint on Defendants." ECF Dkt. #7. In this filing, Plaintiff notified the Court that he had served the complaint and summons upon Defendants and he attached copies of the Domestic Return Receipt from the certified mailings to Defendants which showed the name and address of each of the Defendants, the signature of those signing on behalf of each of the Defendants, and the date that each signed for the service. *Id.*

This matter is now before this Court upon Defendants' motion to dismiss Plaintiff's complaint. ECF Dkt. #8. Defendants contend that this Court should dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for the insufficiency of process under Rules 4(c)(1) and (2) of the Federal Rules of Civil Procedure and Plaintiff's failure to timely serve them process within the time period mandated by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* Plaintiff has filed no response to the motion.

## B.  LAW AND ANALYSIS

Rule 4(c) of the Federal Rules of Civil Procedure specifies that the summons must be served with the complaint and also states who may serve process:

> (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

> (2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specifically appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to

-2-

process in forma pauperis pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 28 U.S.C. §1916.

Fed. R. Civ. P. 4(c). Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period...

Fed. R. Civ. P. 4(m). Rule 4(l) provides in relevant part that:

> If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof...Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended.

Fed. R. Civ. P. 4(l). Actual knowledge of a lawsuit does not substitute for proper service under Rule 4 of the Federal Rules of Civil Procedure. *LSJ Inv. Co., Inc.,* 167 F.3d at 322, citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1154 (6th Cir.1991).

In the instant case, Plaintiff has not shown that he has met the requirements for perfecting service as outlined by Defendants in their motion to dismiss. The docket shows that no summons were issued and Plaintiff fails to show that he issued summons with the complaints and returned the summons upon serving Defendants. Rule 4(c)(1) requires that Plaintiff have his process server serve the summons together with a copy of the complaint. Moreover, Plaintiff fails to identify who served process on Defendants and no one has filed an affidavit on Plaintiff's behalf attesting the circumstances under which service was made upon Defendants as required by Rules 4(c)(2) and 4(l).

The undersigned afforded Plaintiff two opportunities in which to obtain proper service upon Defendants or show cause why his case should not be dismissed for failure to prosecute. ECF Dkt. #s 5, 6. Moreover, Defendants informed Plaintiff of the inadequacy of his service of process in their motion to dismiss filed on April 22, 2005. ECF Dkt. #8. It appears that Defendants mailed a copy of the motion to dismiss to Plaintiff at an address at which Plaintiff

-3-

was no longer residing at the time.  Thereafter, Plaintiff filed a change of address on May 18, 2005 with the Court and upon confirmation by telephone as to this new address, the Court also confirmed that Plaintiff had received a copy of the motion to dismiss.  Plaintiff had complained that he had received the motion to dismiss later than the day on which it was mailed.

Despite his receipt of the motion to dismiss and the opportunities to obtain service, Plaintiff has not remedied his insufficient service of process and has otherwise failed to respond to Defendants' motion to dismiss.

## C.  CONCLUSION AND RECOMMENDATION

Because of the prior opportunities afforded Plaintiff to obtain service and his failure to do so or to otherwise respond to Defendants' motion to dismiss for insufficient service of process, the undersigned recommends that the Court **GRANT** Defendants' motion to dismiss Plaintiff's complaint without prejudice.   ECF Dkt. #8.


Dated: September 14, 2005

        ____*/s/George J. Limbert*_____
        GEORGE J. LIMBERT
        UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-4-